UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHUMA BLACK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:06CV477 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255by a Person in Federal Custody, [# 1], filed on March 16, 2006. The government has responded to the motion. As grounds for his § 2255 motion, movant alleges he received ineffective assistance of counsel when: he was advised by counsel to enter a plea agreement which waived his *Blakely* rights, which in essence, according to movant, denied his right to appeal; he was not allowed to view or refute claims made in the Presentence Investigation Report; counsel failed to file any pre-trial motions; counsel did not object to the Court's "improper references" to movant's mother.

## **Facts and Background**

Movant was indicted on September 16, 2004 on one count of possession with intent to distribute in excess of 50 grams or more of crack cocaine, in violation of 21

U.S.C. § 841(a)(1). On December 17, 2004, movant appeared with his attorney and entered a plea of guilty. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court that same day. Under the Plea Agreement, movant agreed to plead guilty to the charge. As part of the plea agreement, movant and the government agreed that the applicable Guidelines section for the offense of conviction was § 2D1.1(a)(3), which established that the base offense level was 34. At the Plea Hearing, movant acknowledged that he had read the Plea Agreement.

Under the terms of the Plea Agreement and at the hearing on movant's change of plea, Black agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that he understood the right to trial and the consequences of his waiver of those rights.

Black waived his right to file an appeal. He waived all rights to appeal all sentencing issues. Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant was sentenced on March 10, 2004. Prior to sentencing, movant filed an acceptance of the Presentence Investigation Report and stated that he had no objections to the Report.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively

refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has been defined in this Circuit as follows:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show prejudice. *Id.* To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.*; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## **Discussion**

The government has submitted the affidavit of movant's counsel wherein counsel avers that the government disclosed the discovery materials in this matter prior to his filing a motion to suppress statements and/or evidence. Thereafter, a decision was made not to pursue those motions. The material was discussed with movant as well as the likelihood of suppression of the evidence. It was movant's decision to not challenge the admissibility of the evidence. This decision was made in the context of the government's concession not to file a count under 18 U.S.C. § 924(e), which would have required movant to serve 60 months consecutive to a ten year mandatory minimum sentence if convicted.

According to the affidavit, the waiver of appeal was in exchange for the government's concession regarding the Section 924(e) count. Movant was made aware of this and expressly agreed with it.

Counsel advised movant of the *Booker/Fantan* decisions, and also asked the

Court to depart from the advisory guidelines down to 120 months, based on these decisions. The request was denied by the Court.

Counsel also discussed the PreSentence Investigation Report with movant. All issues raised movant wanted to raise were discussed.

Counsel saw no basis upon which to object to comments by the Court and/or the Assistant United States Attorney regarding their professional experience with movant's mother. Indeed, all comments were complimentary toward movant's mother. Nothing improper was raised by either the Court or the Assistant United States Attorney in this regard.

Movant's vague, unsupported claims of ineffective assistance of counsel are refuted by the record, including the plea agreement and the affidavit submitted by trial counsel. There has clearly been no showing of ineffective assistance of counsel at any stage of this proceeding.

**Conclusion**

Based upon the foregoing analysis, none of the grounds upon which movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 14th day of June, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE